Sara Foroshani, OSB No. 131011
sara@foroshanilaw.com
Foroshani Law, LLC
216 Cascade Ave, Suite 227
Hood River, OR  97031
Telephone: (503) 388-3264

Andrew M. Kohlmetz, OSB #955418
The Law Office of Andrew M. Kohlmetz, LLC
741 SW Lincoln Street
Portland, OR 97201
Tel: (503) 265-8307
Email: andy@portlandfederaldefense.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 3:25-CR-00365-AN |
| | ) | |
| Plaintiff, | ) | |
| | ) | DEFENDANT'S SENTENCING |
| vs. | ) | MEMORANDUM |
| | ) | |
| JUNIPER WEED, | ) | |
| | ) | Sentencing: February 18, 2026 at 2:30 P.M. |
| Defendant. | ) | |
| | ) | |

I.    **BACKGROUND**

Pursuant to a plea agreement with the government, on October 14, 2025, Ms. Juniper

Weed pleaded guilty to the sole count of the complaint herein charging her with assaulting or

impeding a federal officer" in violation of 18 U.S.C. §111(a)(1). A Presentence Report ("PSR")

has been prepared and submitted to the Court and parties. Ms. Weed has reviewed the PSR.

///

///

DEFENDANT'S SENTENCING MEMORANDUM                                                                - 1
Foroshani Law, LLC
216 Cascade Ave 227
Hood River, OR 97031
(503) 2388-3264
sara@foroshanilaw.com

## II.    THE PRESENTENCE REPORT AND SENTENCING GUIDELINES CALCULATIONS

There are no objections to the Presentence Report and the Sentencing Guidelines calculations therein. The final guidelines offense level is 9. Ms. Weed falls in Criminal History Category I. The applicable guidelines range is 4-10 months.

## III.    THE DEFENSE SENTENCING RECOMMENDATION

Pending further review of defense mitigation materials, the parties will make a joint sentence recommendation of no more than 12 months of probation. If a probationary sentence is imposed, then defense will object to probation special conditions 3-6.

## IV.    ARGUMENTS IN FAVOR OF A REDUCED SENTENCE

### A.    MS. WEED'S HISTORY OF TRAUMA AND ABUSE WARRANT A BELOW-GUIDELINE SENTENCE

Ms. Weed asks the Court to take into consideration her personal history of youthful trauma and abuse to support the joint sentencing recommendation. This history is more fully explored in the Presentence Report and Confidential Supplement to the Presentene Report thereto.

As Justice Rehnquist long ago remarked: "It requires no citation of authority to assert that children who are abused in their youth generally face extraordinary problems developing into responsible, productive citizens. *Santosky v. Kramer*, 455 U.S. 745, 789, 102 S.Ct. 1388, 71 L.Ed 2d 599 (1982)(Rehnquist, J., dissenting.) Even before the sentencing guidelines were rendered advisory, such exceptional abuse was recognized by the federal courts as a basis for a downward departure or downward variance. *See for example, United States v. Mc Bride*, 511 F.3d 1293 (11th Cir. 2007), *United States v. Walter*, 256 F.3d 891 (9th Cir. 2001), *and United States v. Brown*, 985 F.2d 478 (9th Cir. 1993).

Ms. Weed's early-life exposure to fear, abuse, harassment, bigotry, and struggles with mental health, which continue to this day, demonstrates her ability to adapt and persevere. During her formative years Ms. Weed was subjected to significant trauma detailed in both the

DEFENDANT'S SENTENCING MEMORANDUM                                    - 2

Presentence Report and Confidential Supplement to the Presentene Report. Ms. Weed's traumatic exposure and her mental health history render her less culpable than most similarly situated criminal defendants. The Supreme Court has long recognized the relevance of such factors in sentencing:

> evidence about the defendant's background and character is relevant because of the belief, long held by this society, that defendants who commit criminal acts that are attributable to a disadvantaged background, or to emotional and mental problems, may be less culpable than defendants who have no such excuse. This emphasis on culpability in sentencing decisions has long been reflected in Anglo-American jurisprudence.

*California v. Brown*, 479 U.S. 538, 545, 107 S. Ct. 837, 841, 93 L. Ed. 2d 934 (1987). The Ninth Circuit has repeatedly concluded that defendants' serious criminal conduct may merit a lighter sentence in view of the undeniable negative contributions to adult conduct from a childhood thus distorted. *See United States v. Walter*, 256 F.3d 891 (9th Cir. 2001); *United States v. Brown*, 985 F.2d 478 (9th Cir. 1993); *United States v. Roe*, 976 F.2d 1216 (9th Cir. 1992)

### B. Ms. Weed's Youthfulness and Traumatic Childhood Warrant a Below-Guideline Sentence

Prior to November 2025, the Sentencing Guidelines provided that the age of an offender may be relevant to sentencing. Section 5H1.1, now deleted, provided:

> A downward departure also may be warranted due to the defendant's youthfulness at the time of the offense or prior offenses. Certain risk factors may affect a youthful individual's development into the mid-20's and contribute to involvement in criminal justice systems, including environment, adverse childhood experiences, substance use, lack of educational opportunities, and familial relationships. In addition, youthful individuals generally are more impulsive, risk-seeking, and susceptible to outside influence as their brains continue to develop into young adulthood. Youthful individuals also are more amenable to rehabilitation.

According to the Sentencing Commission, Section 5H1.1

DEFENDANT'S SENTENCING MEMORANDUM                                    - 3
Foroshani Law, LLC
216 Cascade Ave 227
Hood River, OR 97031
(503) 2388-3264
sara@foroshanilaw.com

> [R]eflects the evolving science and data surrounding youthful individuals,
> including recognition of the age-crime curve and that cognitive changes
> lasting into the mid-20s affect individual behavior and culpability.

*U.S.S.G. Amendments to the Sentencing Guidelines, April 30, 2024, p. 25.*[1]  A recent report by The Sentencing Project summarizes much of the current research related to the incarceration of youthful offenders.[2] The report notes that the human brain is not fully developed until the age of 25, and that the sections of the brain dedicated to impulse control, weighing consequences, and regulating emotions are still developing during adolescence. At the same time, the part of the brain focused on sensation-seeking and risk taking is unusually active in adolescents. Research also shows that youths are more susceptible to peer-pressure than adults. Most youths will age out of criminal behavior over time as their brains mature. During this process youths develop what is called "psychosocial maturity," or the abilities to better control impulses, delay gratification, weigh consequences, experience empathy and resist peer-pressure. Research has also demonstrated that adverse childhood experiences and trauma can negatively impact the development of psychosocial maturity in adolescents. Incarceration of youthful offenders has been found to negatively impact the process of developing psychosocial maturity and can exacerbate youths' trauma.

As a result of their brain immaturity, youth offenders are less culpable than their more fully developed adult counterparts. Moreover, incarceration of youthful offenders can further retard their brain development thus leading to higher risks of recidivism when released from custody. Among the statutory factors a court must consider in fashioning an appropriate sentence are to protect the public from further crimes of the defendant and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the

---

[1] Available here: https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202405_RF.pdf
[2] Mendel, R., *Why Youth Incarceration Fails: An Updated Review of the Evidence*, March 1, 2023. Available here: https://www.sentencingproject.org/reports/why-youth-incarceration-fails-an-updated-review-of-the-evidence/#part-2

DEFENDANT'S SENTENCING MEMORANDUM                                                                                         - 4
Foroshani Law, LLC
216 Cascade Ave 227
Hood River, OR 97031
(503) 2388-3264
sara@foroshanilaw.com

most effective manner. 18 U.S.C. § 3553(a)(2)(C), (D). According to the research, incarceration of youthful offenders does not serve either of these goals.

At the time of her brief offense conduct Ms. Weed was 22 years old. As a result of her mental health disorders and her naïve assessment, Ms. Weed mistakenly perceived the federal officers escalating interactions with the protestors during demonstrations at the Immigration Customs Enforcement building in Portland, Oregon on June 18, 2025. Defense requests this Court to refer to the Presentence Report and Confidential Supplement to the Presentence Report for further details. But in short, Ms. Weed's youthfulness and circumstances of her formative years should be accounted for by this Court in determining a reasonable sentence.

The recent 2025 amendments to the Sentencing Guidelines removed departures and policy statements relating to specific personal characteristics. (See U.S.S.G., App. C, amendment 836, 2025). However, these deletions were not intended by the Sentencing Commission to discourage or restrict a Court in considering such characteristics when determining an appropriate sentence. As the Introductory Note to the current 2025 Sentencing Guidelines Manual notes:

> The Commission envisioned and framed this 2025 amendment to be outcome neutral, intending that judges who would have relied upon facts previously identified as a basis for a departure would continue to have the authority to rely upon such facts to impose a sentence outside of the applicable guideline range as a variance under 18 U.S.C. §3553(a). The removal of departures from the Guidelines Manual does not limit the information courts may consider in imposing a sentence nor does it reflect a view from the Commission that such facts should no longer inform a court for purposes of determining the appropriate sentence.

*U.S.S.G. Chapter One, Part A Introductory Commentary, 2025*. In recognition of the continued vitality of the deleted provisions, the Sentencing Commission compiled them at Appendix B, Part III of the current Guidelines Manual. Ms. Weed's youthfulness and unique personal history and characteristics must be taken into account at sentencing.

///

DEFENDANT'S SENTENCING MEMORANDUM                                                    - 5

**A.  Conclusion**

By and for the reasons contained herein, the defense requests that the court impose the jointly recommended sentence.

RESPECTFULLY SUBMITTED this 10th day of February, 2026.

_____
Sara Foroshani, OSB No. 131011
Attorney for Ms. Juniper Weed

Foroshani Law, LLC
216 Cascade Ave 227
Hood River, OR 97031
(503) 2388-3264
sara@foroshanilaw.com