SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**GREGORY R. NYHUS, OSB #913841**
Assistant United States Attorney
Greg.R.Nyhus@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorney for United States of America

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:25-cr-00365-AN |
| v. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **JUNIPER PERRY WEED,** | |
| Defendant. | |

A sentence of 12 months' probation is reasonable and is consistent with the factors enumerated in 18 U.S.C. § 3553(a).

## I. CRIME OF CONVICTION

A. Charges

On October 15, 2025, the defendant pled guilty to a single-count Information. Count 1 charged that on or about June 18, 2025, in the District of Oregon, defendant Juniper Perry Weed, did forcibly assault Adult Victim 1 (AV1), a person designated as a federal officer under 18

U.S.C. § 1114, while AV1 was engaged in, and on account of the performance of AV1's official duties, in violation of 18 U.S.C. § 111(a)(1).

B.   Plea Agreement

The defendant's guilty plea was entered pursuant to a written Rule 11(c)(1)(B) plea agreement. The Court is not bound by the recommendation of the parties or the presentence report. The defendant may not withdraw her guilty plea or rescind the plea agreement if the Court does not follow the plea agreement or the recommendations of the parties.

The defendant has waived her appeal rights, subject to a standard waiver with limitations, including constitutional limitations on that waiver.

C.   Offense Conduct

On June 18, 2025, around 6:38 PM, federal officers who were working at the ICE facility were preparing for incoming law enforcement vehicles and needed to open the facility gate. Protesters had formed a blockade in the driveway using masks, shields, and goggles. FPS issued multiple lawful warnings via Long Range Acoustic Device instructing individuals to vacate the driveway. Some protesters dispersed, but others, including defendant, remained. When officers attempted to clear the driveway, defendant attempted to interfere with the arrest of another protester by pushing federal officers, then resisted her own arrest by violently flailing her arms, which caused an officer (Adult Victim 1) to fall and sustain minor knee injuries.

II.  GUIDELINES APPLICATION

The parties agree that the defendant's relevant conduct, pursuant to USSG §1B1.9 and USSG §2A2.4, imposes a base offense level of 10. Because the offense resulted in physical contact with the federal officer, the offense level is increased by 3 levels to offense level 13.

The government recommends a two-level reduction under USSG §3E1.1, because defendant has accepted responsibility consistent with the terms of her release and the plea agreement.

The defendant meets the criteria at USSG §§4C1.1(a)(1)-(10). Therefore, the defendant is a zero-point offender, and the offense level is reduced by two levels. USSG §§4C1.1(a) and (b), resulting in a total offense level of 9.

### III. DEPARTURES AND ADJUSTMENTS

Defendant's timely plea of guilty demonstrates that she fully admits and accepts responsibility under U.S.S.G. § 3E1.1 for her unlawful conduct in this case which is reflected in a two-level adjustment for acceptance of responsibility.

### IV. RECOMMENDATION

The parties have agreed to jointly recommend a sentence of 12 months' probation and a $25 special assessment.

The parties also agree that during the term of probation, defendant is prohibited from entering the area surrounding the Immigration and Customs Enforcement Building in Portland Oregon. Defendant is specifically prohibited from entering the area bounded by South Gaines Street to the North; South Boundary Street to the South; Southwest Terwilliger to the West; and the Willamette River to the East. Defendant may use I-5 to transit the exclusion area so long as defendant does not depart the freeway or stop within the exclusion area Willamette River to the east. The defendant may use I-5 to transit the exclusion area so long as the defendant does not depart the freeway or stop within the exclusion area.

/////

V.  **RESTITUTION**

There is no restitution in this matter.

VI. **CONCLUSION**

Based on the foregoing, the government requests that that the Court impose a sentence of probation.

Dated: February 11, 2026.                                    Respectfully submitted,

                                                             SCOTT E. BRADFORD
                                                             United States Attorney

                                                             /s/ Gregory R. Nyhus
                                                             _____
                                                             GREGORY R. NYHUS, OSB # 91384
                                                             Assistant United States Attorney